UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT LAROY JONES,

    Petitioner,      Case No. 1:08-cv-970

v.              Honorable Robert Holmes Bell

BLAINE LAFLER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed because Petitioner's claims are procedurally barred.

**Discussion**

### I.     Factual allegations

Petitioner is incarcerated in the Carson City Correctional Facility. He pleaded guilty in the Saint Joseph County Circuit Court to delivery of less than fifty grams of a controlled substance, MICH. COMP. LAWS § 337.7401(2)(a)(iv). On April 7, 2006, the trial court sentenced him as a third habitual offender, MICH. COMP. LAWS § 769.11, to imprisonment of five to forty years. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on October 12, 2006. Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected because it was not filed within the fifty-six day time limit, which expired on December 7, 2006. Petitioner filed a MICH. CT. R. 6.500 motion which was denied by the trial court. He then sought delayed leave to appeal to the Michigan Court of Appeals and was denied on March 10, 2008. He then sought leave to appeal to Michigan Supreme Court. He was denied leave on July 29, 2008 because he failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner raises two grounds for habeas corpus relief. He first claims that his Sixth and Fourteenth Amendment rights were violated when defense counsel advised him to accept a guilty plea based upon an erroneous understanding of the applicable sentencing guidelines and the sentencing court refused to allow Petitioner to withdraw his plea. He also claims that he is entitled to resentencing because the sentencing court's upward departure from the sentencing guidelines was improper and the court abused its discretion.

## II.      Procedural Default

Petitioner raised some or all of his habeas claims in his direct appeal and or his motion for relief from judgment. It is unclear whether certain claims were raised in the state court at all. Regardless, all of Petitioner's claims are procedurally defaulted.

### A.      Claims presented on Direct Appeal

Claims set forth in Petitioner's direct appeal were never properly presented in the state courts because his application to the Michigan Supreme Court was rejected as untimely. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely. Since Petitioner did not present his claims at each level of the state courts, he fails to satisfy the exhaustion requirement.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In this case, Petitioner has no remaining available procedure by which to raise the issues he presented in his direct appeal. Under Michigan law, a criminal defendant may file one motion for relief from judgment under M.C.R. 6.500(G)(1). Petitioner already has filed his one allotted motion. If the claim presented in the federal court was never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering it, the claim is considered exhausted, but is procedurally barred. *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001), *rev'd on other grounds*, 535 U.S. 635 (2002). Petitioner no longer has an available state-court remedy by which to exhaust the claim he failed to raise in the state courts; therefore, his claims are procedurally defaulted.[1]

B. <u>Claims presented in Petitioner's Motion for Relief from Judgment</u>

Because the Michigan Supreme Court relied upon MICH. CT. R. 6.508(D) when it denied Petitioner leave to appeal the trial court's decision, the claims presented in Petitioner's motion for relief from judgment are procedurally barred. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default

---

[1] To the extent that Petitioner never raised his claims before the state courts at all, they are unexhausted. But because he has no further available state court remedies, they also are procedurally defaulted. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

Here, both the Michigan Court of Appeals and Michigan Supreme Court expressly stated that they denied Petitioner's application for leave to appeal his motion for relief from judgment on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under [MICH. CT. R.] 6.508(D)." (3/10/08 Order, No. 282616; 7/29/08 Order, No. 136119.) Under MICH. CT. R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because MICH. CT. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Additionally, in cases where the Michigan Court of Appeals and Michigan Supreme Court deny leave to appeal on

the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under [MICH. CT. R.] 6.508(D)," it is sufficiently clear that the supreme court intended to invoke a procedural bar. *See Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004); *Abela v. Martin)*, 380 F.3d 915, 923 (6th Cir. 2004); *see also Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004); *Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2002); *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Therefore, Petitioner procedurally defaulted the claims presented in his motion for relief from judgment.

            C.     Cause and Prejudice

If a petitioner procedurally defaulted his federal claims in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception can be met only in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not attempted to explain his failure to timely raise his issues in his direct appeal to the Michigan Supreme Court. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). Petitioner also has failed to demonstrate that a lack of

habeas review will result in a fundamental miscarriage of justice. Accordingly, because Petitioner's claims are procedurally barred, his application for habeas review should be denied.

### III. State Law

Petitioner's second ground for relief (asserting that he is entitled to resentencing because the sentencing court abused its discretion by improperly departing upward from the sentencing guidelines) cannot form the basis for federal habeas corpus relief. Therefore, as to this ground, Petitioner cannot show prejudice, even if he had good cause for failing to present it to the state courts. Claims concerning an improper upward departure from the sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Petitioner argues only that the court's sentencing findings were erroneous and an abuse of discretion. Such claims clearly fall far short of the sort of egregious circumstances implicating due process.

Additionally, Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is procedurally barred. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   November 25, 2008          /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).